**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Jane Kubinski, | ) | **CASE NO. 1:14 CV 1332** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Equity Oil and Gas Funds, Inc. et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Equity Oil and Gas Funds, Inc.'s Motion

to Dismiss Plaintiff's Amended Complaint (Doc. 11).  This case arises out of plaintiff's former

employment with defendants. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Jane Kubinski filed an Amended Complaint against defendants Equity Oil and

Gas Funds, Inc. (hereafter, Equity), Alane King, and John Murphy.  Plaintiff generally alleges

the following.  She was employed by Equity since July 2013.  King is a principal executive of

Equity and Murphy is a principal partner of Equity.  After her hire, King (a female) began

subjecting plaintiff to unwanted sexual harassment and sexual assault.  Plaintiff was also

1

sexually assaulted by Murphy.  Plaintiff tendered her resignation to King, but it was refused.
Plaintiff was terminated on August 12, 2013.

The Amended Complaint sets forth five claims.  Count One alleges breach of promise.
Count Two alleges battery and sexually battery.  Count Three alleges sexual harassment and
retaliation under Title VII and Ohio's anti-discrimination statute.  Count Four alleges intentional
infliction of emotional distress.  Count Five alleges fraud.

This matter is before the Court upon defendant Equity Oil and Gas Funds, Inc.'s Motion
to Dismiss Plaintiff's Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be
granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and
construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v.
Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v.
Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint
in the light most favorable to the non-moving party, "the court does not accept the bare assertion
of legal conclusions as enough, nor does it accept as true unwarranted factual inferences."
*Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek
Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
> claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
> statement need only give the defendant fair notice of what the ... claim is and the grounds
> upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic
> Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be
> enough to raise a right to relief above the speculative level" and to "state a claim to relief
> that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ]
> factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that

the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face based on factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550 U.S. at 570;

*Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendant Equity argues that the Amended Complaint fails to state a claim as to the sole

federal claim, i.e., the Title VII claim asserted in Count Three.

Title VII states in part, "The term 'employer' means a person engaged in an industry

affecting commerce who has fifteen or more employees for each working day in each of twenty

or more calendar weeks in the current or preceding calendar year, and any agent of such a

person..."42 U.S.C. § 2000e(b).  Equity points out that plaintiff does not allege that Equity is an

"employer" for purposes of Title VII, nor does she plead any facts establishing such.

Additionally, Equity asserts that plaintiff acknowledged that Equity does not have 15 employees

when she filed her Charge of Discrimination with the Equal Employment Opportunity

Commission.  (Doc. 11 Ex. A) Equity submits the EEOC intake questionnaire wherein plaintiff

checked "fewer than 15" when asked the number of employees in the organization at all

locations.  Therefore, defendant asserts, as plaintiff fails to allege that Equity is an employer

under Title VII and has, in fact, acknowledged that it is not, plaintiff fails to state a claim against

Equity for a violation of Title VII.

3

Plaintiff argues, relying on *Arbaugh v. Y & H Corporation,* 126 S.Ct. 1235 (2006), that the threshold number of employees for application of Title VII is not a jurisdictional issue and, thus, the Complaint cannot be dismissed for lack of subject matter jurisdiction. But, Equity moved to dismiss for failure to state a claim, and not lack of jurisdiction. Indeed, as recognized in *Arbaugh,* the 15-employee requirement is an element of the plaintiff's Title VII claim for relief. Therefore, Equity made a proper Fed.R.Civ.Pro. 12(b)(6) motion as plaintiff did not allege an element of her claim. Other courts have determined that the Complaint fails to state a Title VII claim where plaintiff does not plead that defendant falls within the definition of an employer for purposes of Title VII. *See Njoku v. Kentucky*, 2007 WL 403871 (E.D.Ky.2007) (The court granted the 12(b)(6) motion as to one of the defendants that did not meet the 15-employee threshold) and *Nichols v. FedEx Custom Critical,* 2012 WL 602047 (N.D.Ohio 2012) (The court granted a motion for judgment on the pleadings where plaintiff's sworn charge to the EEOC indicated that the defendant had fewer than 15 employees).

Plaintiff also seems to argue that she does not have to plead the 15-employee requirement. Plaintiff cites to *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), which held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination. However, the numerosity requirement is an element of the claim, and not part of the *prima facie* showing.

Plaintiff additionally appears to argue that she can show that Equity was either a "joint employer" or an "integrated enterprise" so that the employees of Equity and the other entity may be aggregated for purposes of satisfying the Title VII numerosity requirement. *See Swallows v. Barnes & Noble Book Stores, Inc.,* 128 F.3d 990 (6th Cir. 1997). However, plaintiff does not

4

raise these theories in her Complaint or allege facts showing that these doctrines apply. Plaintiff points to paragraphs 5 and 11 of her Amended Complaint, but these paragraphs do not allege any relationship between Equity and another employer. In her brief, plaintiff refers to an oil company owned by defendant Murphy, but no such facts are alleged in the Amended Complaint. Plaintiff seeks discovery on this issue but she has only speculated and made conclusory statements about Equity's "joint venture."  Therefore, discovery will not be permitted.

Finally, plaintiff asserts that the Court should not consider the EEOC intake questionnaire. The Court may consider this evidence without converting the motion to a motion for summary judgment because the Amended Complaint refers to the EEOC filing ("This case is filed ... in light of a 90 day right to sue letter being issued by the federal EEOC...").  *See Gardner v. Quicken Loans, Inc.*, 567 Fed.Appx. 362 (6th Cir. 2014), (internal quotations and citations omitted) ("In reviewing this motion to dismiss, the panel may consider the complaint along with any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the plaintiff's claim.") Plaintiff contends that because she did not refer to the intake questionnaire, but only the right to sue letter, it is improper to consider it.  However, as plaintiff referenced her EEOC charge, the Court may consider documents she completed as part of that process.  Even if the Court were not to consider this document, however, plaintiff has still failed to allege that Equity is an employer.

For these reasons, the Amended Complaint fails to state a claim over the sole federal claim.[1] Equity's Motion to Dismiss is granted.[2]  In the absence of a federal claim, this Court

---

[1]     In its reply, defendant raised a new basis for dismissal, namely, plaintiff's failure to exhaust her administrative remedies given that she did not timely file a *verified* charge to the EEOC.  As this argument was raised for the first time in the reply,

lacks jurisdiction over the remaining state law claims.

**Conclusion**

For the foregoing reasons, defendant Equity Oil and Gas Funds, Inc.'s Motion to Dismiss

Plaintiff's Amended Complaint is granted.

IT IS SO ORDERED.


           /s/ Patricia A. Gaughan
           PATRICIA A. GAUGHAN
           United States District Judge

Dated: 11/4/14

---

the Court declines to address it.

[2]     The motion is filed on behalf of Equity only, given that plaintiff failed to properly serve the individual defendants. Nonetheless, there is no individual liability under Title VII. *Wathen v. General Elec. Co.,* 115 F.3d 400 (6th Cir. 1997)